Opinion by
 

 Ervin, J.,
 

 Appellant, Armando Falcone, was found gnilty of the charge of indecent exposure and open lewdness in a trial conducted by President Judge Joseph Sloane without a jury and was thereafter sentenced to a jail term.
 

 Late Friday afternoon, September 28, 1962, Kathleen Murphy walked with Linda Werner after school to the latter’s home. The two girls were locked out of Linda’s house because her mother had gone on an errand to the store. Waiting outside they spotted appellant. Linda had observed him on at least one prior occasion playing with himself in a lewd manner. Her mother had instructed her to make sure of what appellant was doing and then to call the police if she saw
 
 *476
 
 any further incidents. The two girls left Linda’s house and followed appellant as far as the gate of a cemetery in the neighborhood. From the adjacent sidewalk, the girls saw appellant, who was in an open area near a tree inside the cemetery, standing with both sets of pants half-way down, exposing and playing with his genitals.
 

 Counsel for the appellant argues that there was a fatal variance between the date of the act charged in the indictment and the date of the act proved by the Commonwealth. We have carefully read the record and cannot agree with this contention. Two witnesses testified for the Commonwealth, Linda Werner, 13 years of age, and Kathleen Murphy, 14 years of age. There was some confusion in Linda Werner’s testimony as to the time of the occurrence. She was uncertain whether September 28, 1962, was a Sunday or a Friday. Her confusion can be attributed to her observation of two incidents involving the appellant on both a Sunday and a Friday within a week or two of each other. She did, however, specifically testify that she observed the appellant doing the acts above described on September 28. Kathleen Murphy testified that she first saw the appellant across the street from Linda Werner’s house and that she observed the indecent act in the cemetery. She was also somewhat confused as to which incident defense counsel was referring to in his cross-examination. Some of her testimony referred to an incident that Linda had seen the previous week. When she was asked directly if she had seen the appellant on the street in front of Linda’s house committing a lewd act, she responded that she had not, that “I didn’t see him that time. Linda saw him.” The credibility of these two witnesses was for the trier of the facts which in this case was a very able and impartial judge. We are convinced that the date of the offense set forth in the
 
 bill of indictment was correctly
 
 
 *477
 
 proven. In any event, .the two offenses testified to by Linda took place within one or two weeks of each other, and since the Comnlonwealth may prove the commission of specific acts at any time prior (to the indictment, so long as they came within the statute of limitations, the proof of a date-other than that stated in the indictment would not be fatal.
 
 Com. v.
 
 Newcomer, 183 Pa. Superior Ct. 432, 435, 132 A. 2d 731.
 

 It is also argued by counsel for the appellant that the conviction must fall because of a lack of proof of any criminal intent by the appellant. The Act of 1939, June 24, P. L. 872, §519, 18 PS §4519 provides ¡..“Whoever commits open lewdness, or any. notorious act. of public indecency, tending to debauch the morals or ■manners of the people, is guilty .of a misdemeanor,. and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo im: prisonment not exceeding one (1) year, or both.”- .It will be noted that the above act does not require a deliberate or malicious intent. We repeat what was so well stated by Judge Sloane that “The Legislature is capable of requiring malice when it so wishes.” He then pointed out that of four other acts passed by the legislature on the same date as the statute on. public indecency, three required “wilful and malicious” conduct.
 

 Counsel for appellant also argues that there was no “open” or “notorious” act within the meaning of the statute. The act having taken place in a cemetery where it could have been and was observed by people on the public sidewalk adjacent to the cemetery it could not be seriously contended that such misconduct would not constitute open lewdness. The motive or absence of motive of those observing the act is irrelevant to the question of the openness or notoriety of the act.
 

 Judgment of sentence affirmed.