## Commonwealth v. Helms

*Earl R. Doll*, Assistant District Attorney, for Commonwealth.

*Hugh D. Manifold*, for defendant.

KOHLER, J., July 10, 1965.—In this case, defendant was indicted and went to trial for the crime of "open lewdness". At the conclusion of the Commonwealth's case defendant, through his counsel, entered a demurrer to the evidence of the Commonwealth. We sustained defendant's demurrer to the evidence of the Commonwealth, and the latter has appealed to the Superior Court from such ruling. We file this statement of our reasons for such ruling, in accordance with Rule 46 of the Rules of the Superior Court of Pennsylvania.

The Act of June 24, 1939, P. L. 872, sec. 519, 18 PS §4519, under which defendant was charged and indicted, defines the crime as "open lewdness, or any

notorious act of public indecency, tending to debauch the morals or manners of the people".

Our recollection of the evidence, when we sustained the demurrer from the bench, was that the alleged acts of lewdness were committed by defendant during the nighttime in his trailer home located in a trailer park marked at the entrance "Private Property", and that there was no public thoroughfare in proximity to defendant's trailer home.

The principal witness for the Commonwealth, a married woman, testified that she saw defendant, between the hours of 1:15 and 1:30 in the morning, through a window of her own trailer from which she looked, and then through a louvered window in the closed door of defendant's trailer. The window in the closed door of the defendant's trailer was approximately 10 x 28 inches in size, and was at a lower elevation than her own window. Lights were on in both trailers, and the trailer home of the witness was located across a 20-foot-wide private drive separating the trailers. The witness testified that the defendant was nude, was masturbating and was shaking his penis at her.

Over objection by defendant, we permitted the Commonwealth to offer the testimony of another married woman concerning an incident some months prior thereto, which occurred between 9:00 and 9:30 in the evening. Likewise, this witness testified that she observed defendant through a window in her own trailer, which was across the same private drive from defendant's trailer, although "cater-cornered" from his, and that she saw defendant through a larger window of his own trailer. She testified that defendant was in his "shorts" and was playing with himself. Our authority for permitting this testimony of another prior offense to that alleged in the indictment was Commonwealth v. Falcone, 202 Pa. Superior Ct. 474 (1964).

We sustained the demurrer, because we concluded

that the Commonwealth failed to show that the alleged lewd acts were "open", "notorious" or "public", as required by the statute, supra. They occurred in the privacy of defendant's home in a trailer park during the nighttime, without evidence the defendant knew, or had reasons to know, that he was being observed by either complaining witness or the general public.

Research discloses no appellate decisions discussing or defining the components of the offense for which defendant was indicted. Commonwealth v. Falcone, supra, is authority for the proposition that the act does not require proof of a deliberate or malicious intent.

In Commonwealth v. Alessi, 29 Erie 172 (1946), it was held that the offense must be committed in a notorious fashion in a place open to public view, but that such misconduct in front of an open window fronting on a public street constituted the offense.

Although only a misdemeanor, because of the abnormal moral connotations associated with this offense, and the consequential branding of a defendant's character for life, we believe that such cases should be submitted to the jury only when clearly warranted by the evidence. The absence of a clear definition of the offense in the statute fortifies that conclusion. We concluded that the legislative mandate that the lewdness must be "open", "notorious" or "public" is not satisfied with evidence of lewdness committed during hours of darkness, in a private dwelling, subject to observation only by persons not obligated so to do, looking through windows of their own dwelling into the dwelling of the alleged offender via the latter's windows. The ancient adage that a man's home is his castle must have some sanctity under the law.