Commonwealth, Appellant, *v.* Davidson.

Argued December 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellant.

*John H. Lewis, Jr.,* with him *Benjamin E. Zuckerman, Morgan, Lewis & Bockius,* and *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION BY SPAULDING, J., March 24, 1972:

The Commonwealth appeals from the order of Judge A. Benjamin SCIRICA of the Court of Common

Pleas of Montgomery County, sustaining a demurrer to the evidence presented against appellee Robert L. Davidson on a charge of indecent exposure. The evidence submitted by the Commonwealth in the jury trial was as follows:

Linda Knapp, a juvenile, testified that while walking in her neighborhood in Narberth, Montgomery County, on August 24, 1971, at about 4:00 p.m., she was approached by a motorist in a dark blue automobile who asked street directions. When she turned to respond to the inquiry, she observed that the motorist was nude. The car pulled away slowly, giving her an opportunity to see and memorize the license plate number. She completed a short walk to her home, recorded the number and reported the incident to the police. She testified that the automobile was a hardtop; this varied from her prior statement that the car was a sedan. She further stated that there were no distinguishing features about the motorist, and that she could not be sure that the motorist and the appellee were the same person.

Police Officer Hunsicker, who investigated the incident, testified that on the basis of information from the Department of Motor Vehicles in Harrisburg, he requested the appellee on August 25 to come to police headquarters. The appellee appeared two hours later. He acknowledged that the car bearing the license plate number reported by Miss Knapp did belong to him and that he had been driving the car in the area of, and at the approximate time of, the alleged incident. He stated that he had been swimming at his girlfriend's home and had been wearing his bathing suit when he left her home. Officer Hunsicker could not recall whether he had asked the appellee specifically if he had exposed himself to Miss Knapp. Another officer testified that he had interviewed Miss Knapp at her

home on the 24th of August and had filed a report on the basis of this information.

Following this testimony, counsel for the appellee demurred to the Commonwealth's evidence. The trial judge sustained the motion on the grounds that the Commonwealth had not convincingly and substantially shown that the act was open, notorious and public, even assuming that the facts were as related by Miss Knapp. The lower court was persuaded by the fact that there was no attempt to entice or harm the complainant. He also noted that ordinarily, only the head and shoulders of a motorist would be visible to a passerby. Although we are chary of situations such as this, which may be peculiarly subject to groundless accusations, it is the considered opinion of this Court that there was sufficient evidence in this case to submit the question of guilt to the jury.

In *Commonwealth v. Falcone*, 202 Pa. Superior Ct. 474 (1964), this Court sustained a conviction for indecent exposure and open lewdness where two juveniles testified that they observed the appellant exposed and playing with himself in a lewd manner near a tree inside a cemetery. There was no evidence that the appellant directed any actions toward the complainants or tried to harm them in any manner. The court held that the statute[1] required no showing of malicious intent and that the possibility of being seen from the sidewalk adjacent to the cemetery made the actions sufficiently public for purposes of the statute.

---

[1] "Whoever commits open lewdness, or any notorious act of public indecency, tending to debauch the morals or manners of the people, is guilty of a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both." 1939, June 24, P. L. 872, §519, 18 P.S. §4519.

Contrary to the understanding of the court below, the *Falcone* opinion indicates that there need be no affirmative attempt on the part of the defendant to either harm or offend the complainant. So long as the exposure or act is done in a place where there can be no reasonable expectation that it could not be seen by other members of the public, the elements of the offense are satisfied. *Falcone*, supra, p. 477; see: *Commonwealth v. Helms*, 38 Pa. D. & C. 2d 496, 79 York 177 (1965).

The lower court's observation that under ordinary circumstances only the head and shoulders of a motorist are visible does not recognize such situations as a passing public or school bus, or a pedestrian walking on the sidewalk adjacent to the passenger side of the automobile, which was Miss Knapp's position vis-a-vis the motorist in this case. In each of these instances, it is foreseeable that much more than the motorist's head and shoulders would be visible to the passerby, even without any special effort on his part to observe the motorist. In the instant case, according to Miss Knapp's testimony, the appellee attracted her attention to himself by asking directions of her. Under these circumstances, we are convinced the alleged actions were sufficiently open to constitute the offense.

Appellee contends that even if the alleged actions are punishable under the statute, the quantity of evidence presented by the Commonwealth was insufficient to allow submission of the question of guilt to the jury. We disagree.

Appellee relies heavily on Miss Knapp's inability to identify the appellee as the person who exposed himself to her, her confusion over whether the car was a 2-door or 4-door model, and the possibility of error in her reporting of the license plate number. Were Miss Knapp's testimony the only evidence, we would agree

that the totality of the factors cited by the appellee would militate against submitting the evidence to the jury. However, the evidence also included the oral admissions of the appellee that he owned the automobile bearing the number reported by Miss Knapp, that the automobile was in his exclusive possession on the day of the alleged incident, and that he was in the area of the crime at the approximate time of its occurrence. We believe that these admissions sufficiently buttress Miss Knapp's testimony to prevent the jury's task from being one of mere speculation.

We find nothing in the record which would inherently impugn Miss Knapp's credibility. As her description of appellee's automobile was generally accurate, we do not believe that her failure to advert to whether the car had two or four doors is fatal to her credibility. Also, analyzed in conjunction with appellee's admissions, the question of whether Miss Knapp's recollection of the license number was reliable is one appropriately left to the jury.

The order of the court below is reversed and the case is remanded for a new trial.