Commonwealth *v.* Botzum, Appellant.

Argued December 7, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*William W. Stainton,* with him *Arnold, Bricker, Beyer & Barnes,* for appellant.

*Ronald L. Buckwalter,* Assistant District Attorney, with him *Henry J. Rutherford,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., March 27, 1973:

This is an appeal by the defendant-appellant, Ronald Lee Botzum, from the judgment of sentence imposed by the Court of Common Pleas, Criminal Division, of Lancaster County, after conviction by a jury for violation of the Act of 1939, June 24, P. L. 872, Sec. 519, 18 P.S. Sec. 4519.

The Act in question reads as follows: "Whoever commits open lewdness, or any notorious act of public indecency, tending to debauch the morals or manners of the people, is guilty of a misdemeanor. . ."

After a careful reading of the record in this case, we cannot agree that there was sufficient evidence to establish a case of public indecency sufficient to sustain this verdict.

The Commonwealth's case is as follows: The testimony of Joann Jarvis, aged 16, was that she and two other girls were swimming in the Susquehanna River at Pequea, Lancaster County, Pennsylvania, on July 16, 1969. The defendant spoke to the witness on the dock when fully clothed then went back into the woods where he changed his clothes and put on his swimming trunks, spent some time on the dock then went swimming. The witness stated that she observed a hole in his bathing trunks that exposed a portion, not clear how much, of his private parts. Distances are uncertain and there is no evidence of his knowledge of the existence of a hole or that he called attention to it in any way.

He then went back to the wooded area, again the distance is not stated in the record, but a witness said he sat on a log and that she could see he was nude. Again, there is no evidence that he called attention to his nudeness or made gestures of any kind, only that after changing his clothes, she observed his nude figure. She said he was sitting and not doing anything. She testified that she could not see him clearly enough to distinguish parts of his body, but that she was sure he was nude while sitting on the log.

Linda Stark, aged 20, testified that she could tell he was nude because of the difference between the dark trunks and flesh colors. Again, the distances are uncertain and she did not see him doing anything. She testified that after he left to change his clothes, the three girls were walking up the hill and she turned and saw him trying to hide in the wooded area.

A third girl, Pamela Sirbak, who was one of the three girls allegedly present at the time, was not called as a witness and this was the entire evidence and the demurrer by the defendant was denied. His defense was alibi and the jury convicted him on the above evi-

dence. He was sentenced to Fifty ($50.00) Dollars fine and one year imprisonment.

Deliberate or malicious intent on the part of the defendant is not required as an element of the offense. *Commonwealth v. Falcone*, 202 Pa. Superior Ct. 474, 198 A. 2d 421 (1964). The controlling element of the offense is that the lewdness must be open and notorious. *Commonwealth v. Anzulewicz*, 42 Pa. D. & C. 2d 484 (1967).

The record is devoid of any act on the part of the defendant to mark his conduct complained of as open and notorious. He did not undress in sight of the girls, but in a wooded area some distance away. The record being silent as to the distances and there is nothing in the record indicating any action or gesture as an invitation by the defendant. It is hard to believe in this day when nudeness is commonplace in the theatre, in the movies, in magazines and some restaurants, that his conduct in the presence of two girls, 16 and 20 years old, amounts to the lewdness demanded by this Act. The very fact that one of the witnesses said he was trying to hide in the wooded area as he was changing clothes, indicates the exact opposite of invitation. This action indicates that he had discovered he was noticed and tried to conceal his condition. The evidence seems to indicate the incidents were the result of the girls' curiosity rather than overt acts on his part.

The evidence in this case was insufficient to sustain the verdict; the demurrer should have been granted.

The judgment of sentence is arrested and the defendant discharged.

WRIGHT, P. J., would affirm on the opinion of WISSLER, P. J.