392 A.2d 1309

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Betty J. ALLSUP and Thomas Rizzo.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided Oct. 5, 1978.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Maxine J. Statland, Asst. Dist. Atty., Philadelphia, for appellant.

Michael A. Seidman, Philadelphia, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

POMEROY, Justice.

Appellee Betty Jane Allsup was charged in an information in Philadelphia County with violation of the "open lewdness" section of the Crimes Code of 1972, 18 Pa.C.S. § 5901, and with criminal conspiracy to violate the "open lewdness" statute under 18 Pa.C.S. § 903.[1] Appellee Thomas Rizzo was charged with criminal conspiracy to violate the "open lewdness" statute. Both defendants filed motions to quash the informations pursuant to Pa.R.Crim.P. 304 (now 307), and those motions were granted and the informations quashed by the court of common pleas. The basis for the trial court's action was that the "open lewdness" statute failed to set forth with sufficient specificity the conduct which it pro-

---

1. 18 Pa.C.S. § 5901 (1973) provides:
    "*Open lewdness.* A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed."
   18 Pa.C.S. § 903 (1973) provides in pertinent part:
    "*Criminal conspiracy.* (a) *Definition of Conspiracy.*—A person is guilty of conspiracy with another person . . . to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person . . . that they or one or more of them will engage in conduct which constitutes such crime . . . ."

scribes and was therefore unconstitutional under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and the decision of this Court in *Commonwealth v. MacDonald*, 464 Pa. 435, 347 A.2d 290 (1975). The Commonwealth has appealed directly to this Court.[2]

We will affirm, but on grounds different from those relied upon in the court below.

The facts for purposes of this appeal must be taken from the criminal informations and from the evidence given on behalf of the prosecution by a Philadelphia police officer who testified at a hearing on the defendants' motions to quash:

Appellee Rizzo is the manager of an establishment in Philadelphia known as the "Golden 33 Bar." The business does not have a liquor license and no alcoholic beverages were served on the premises on the occasion in question. The patrons of the business, however, did bring alcoholic beverages with them which they consumed during the performance shortly to be described.

Appellee Allsup, known by her stage name of "Honeysuckle Divine," appeared on a small stage in the Golden 33 Bar on April 5, 1976 and before an audience of 25 to 26 adult males, each of whom had paid an admission fee of $6, performed various acts of what can best be described as "vaginal acrobatics".[3] Upon conclusion of the performance, Ms. Allsup and Mr. Rizzo were arrested by police who had witnessed the show.

2. Under Section 202(9) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, 17 P.S. § 211.202(9) (Supp.1978), since superseded by Section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7) (effective June 28, 1978), this Court has direct appellate jurisdiction over decisions in the courts of common pleas in which a state statute has been invalidated on constitutional grounds.

3. The Allsup act was performed in the nude and in general consisted of using her vagina to accomplish various stunts, including expelling assorted objects, smoking a cigarette, and purporting to play a musical instrument. In view of our disposition of the case, there is no need for a more detailed exposition.

This Court has followed a consistent policy of avoiding the resolution of constitutional questions when there appears a non-constitutional ground for decision. *E. g., Commonwealth v. Galloway*, 476 Pa. 332, 338 n.7, 382 A.2d 1196, 1199 n.7 (1978). *Mt. Lebanon v. County Board of Elections*, 470 Pa. 317, 368 A.2d 648 (1977). Although the court below relied on constitutional grounds in quashing the informations, we may affirm if the order below is correct for any reason. *Mazer v. Williams Brothers Co.*, 461 Pa. 587, 594 n.6, 337 A.2d 559, 562 n.6 (1975); *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974); *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 604 n.5, 327 A.2d 94, 96 n.5 (1974); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955). Given that the statute in question describes a criminal offense, we will give the benefit of any doubt as to its proper scope to the defendants here. Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b)(1) (Supp.1978) (penal statutes strictly construed); *Commonwealth v. Teada*, 235 Pa.Super. 438, 344 A.2d 682 (1975).

The open lewdness statute requires that the defendant have committed a "lewd act" which he knows is "likely to be observed by others who would be affronted or alarmed." [4] This latter phrase, we think, indicates that the offense is made out only when the lewd conduct of the defendant occurs in a place and at a time when it is likely to be observed by persons who have not consented to its occurrence, or who have not specially positioned themselves in such a manner as to be able to observe it, and who are likely to be affronted by such conduct or to find such conduct alarming. The gist of the crime is the immediate offensive or frightening impact on members of the public who observe or are likely to observe the defendant's conduct.

4. At the time the alleged criminal offense in this case was committed, April 5, 1976, the section of the Pennsylvania Crimes Code most directly relevant to the conduct of the defendants, 18 Pa.C.S. § 5903 (1973) ("Obscenity"), was unavailable as a basis for prosecution because previously declared unconstitutional, see *Commonwealth v. MacDonald*, 464 Pa. 435, 347 A.2d 290 (1975); *Miller v. California*, 412 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and not yet amended or reenacted.

The fact that, upon later hearing of it, society generally might find the defendant's conduct lewd or unacceptable is, we believe, irrelevant.

We last considered the "open lewdness" section of our Crimes Code in *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976). As we there found, the Pennsylvania statute was a restatement of the common law offense of open lewdness which has long existed in this state. 457 Pa. at 8, 354 A.2d at 247. We noted in *Heinbaugh* that the Crimes Code language was adopted from the lewdness provision of the American Law Institute's Model Penal Code § 251.1 (Proposed Official Draft, 1962), and that the commentary to that section confirmed the common law antecedents of the Model Code provision. The commentary, prepared by the Criminal Law Advisory Committee of the A.L.I., also quite clearly reveals the limitations on the scope of the crime which we have noted above:

"Lewd or indecent behavior is punishable in all jurisdictions. The prohibited conduct amounts to gross flouting of community standards in respect to sexuality or nudity in public. Sometimes legislation against indecency has been construed as applicable to cult nudism. *This would not be so under our formulation since we require awareness of likelihood of affronting observers.*" Model Penal Code §§ 213.4, 215.1, Commentary at 82 (Tent. Draft. No. 13, 1961) (emphasis supplied).

We find it indisputable on the state of this record that the 25 or 26 patrons of the "Golden 33 Bar" were not "affronted or alarmed" by the performance of Ms. Allsup and that, given the location and the $6 entrance fee, it was not "likely" that persons would observe Ms. Allsup who would be "affronted or alarmed." However much one may be shocked, revolted or saddened by the antics of Ms. Allsup, one would be blind to the earthier instincts of human nature were we not to recognize that her contortions afforded amusement or entertainment for those present.

A review of Pennsylvania decisions interpreting our open lewdness statute either as found in the Crimes Code, or in

the predecessor Penal Code of 1939,[5] reveals that neither statute has ever been applied, or, so far as we can tell, even argued to apply to lewd conduct before a consenting audience within a closed space. All prosecutions have been based, as the A.L.I.'s Criminal Law Advisory Committee states in its commentary, *supra*, on a "gross flouting of community standards in respect to sexuality or nudity in public." See *Commonwealth v. Heinbaugh, supra* (masturbation in public); *Commonwealth v. Davidson*, 220 Pa.Super. 451, 289 A.2d 250 (1972) allocatur refused, 221 Pa.Super. xlix (naked motorist stopped a young lady to ask directions); *Commonwealth v. Falcone*, 202 Pa.Super. 474, 198 A.2d 421 (1964) (masturbation in a public cemetery); *Commonwealth v. Warner*, 51 Pa.D.&C.2d 63 (C.P. Centre Cnty. 1971) (defendant disrobed in public, made uninvited visits to private homes, and entered a public pizza parlor); *Commonwealth v. Anzulewicz*, 42 Pa.D.&C.2d 484 (Q.S. Mont. Cnty. 1967) (display of genitalia in private dwelling but in front of window where a neighboring family "in the reasonable use of [their] house" could not help but observe defendant's activities); *Commonwealth v. Helms*, 38 Pa.D.&C.2d 496 (Q.S. York Cnty.), aff'd per curiam, 206 Pa.Super. 743, 213 A.2d 389 (1966) (no offense made out where defendant's nudity was in a private trailer and prosecution witness had to observe through small, louvred window);[6] *Commonwealth v. Alessi*, 29 Erie 172 (Q.S. 1947) (masturbation in a private home but before large window facing public street).

The conduct of appellee Allsup, which occurred in a confined space not accessible to the general, unsuspecting public and which was viewed only by persons who were neither "affronted" nor "alarmed" but rather who viewed Ms. Allsup's performance as a form of entertainment, did

**5.** Act of June 24, 1939, P.L. 872, § 519, 18 P.S. § 4519 (1963) (public indecency).

**6.** "We conclude that the legislative mandate that the lewdness must be 'open,' 'notorious' or 'public' is not satisfied with evidence of lewdness committed during hours of darkness, in a private dwelling, subject to observation only by persons not obligated so to do. . . ." 38 Pa.D.&C.2d at 498 (Kohler, J.).

not as a matter of law violate the "open lewdness" statute, and the lower court therefore acted correctly in quashing the informations.

Order affirmed.

PACKEL, former J., did not participate in the decision of this case.

MANDERINO, J., joins in this opinion and files a concurring opinion.

MANDERINO, Justice, concurring.

I join in the majority's affirmance of the trial court's order. I must, however, note the inconsistency between the majority's statement that we "may affirm if the order below is correct for any reason" (at p. 317), and the law as we have recently stated it. See, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) and its progeny.

Suppose a convicted defendant requests a reversal claiming a violation of constitutional rights. Would we *sua sponte* find a non-constitutional issue requiring reversal in order to avoid the constitutional question raised? "Emphatically not!" We have said in case after case in which defendant has failed to raise that non-constitutional issue in the trial court. If a defendant fails to raise an issue in the trial court, we have said it is not preserved for appellate review. Period. If we are now going to "find" an issue so that we may *affirm* a lower court's order favoring a defendant, we should also "find" an issue when warranted to reverse a lower court's decision inimicable to a defendant. But that we will not do.

If we are to remain consistent with our requirement that issues be raised for the first time in the trial court in order to be preserved for appellate review, we should now state that we will affirm a trial court's order for any reason *raised in the trial court*, even though the trial court did not rule on that issue. In this case, the issue decided by the majority was raised in the trial court by appellees. I therefore join in the result reached by the majority here.