## In re: Appeal from Liquor Control Board

*John J. Mercuri*, for petitioner.
*William T. Malone*, for Pennsylvania Liquor Control Board.

COTTONE, *J.*, March 9, 1981—This case is here on appeal from the Pennsylvania Liquor Control Board's (board) order imposing a fine upon Fred Gscheidle, owner and operator of Gus' Brew Haus in South Scranton. The board found that, on the nights of June 1, 7, 8, July 11, 13, August 23, September 6, 9, and November 19, 1979, lewd, immoral or improper entertainment was permitted on the licensed premises in violation of the Liquor Code of April 12, 1951, P.L. 90, 47 P.S. §4-493(10). Specifically, petitioner is charged with allowing several women employed as dancers to perform on the aforementioned occasions, their gyrations completely in the nude.

Defendant contends that barroom nude dancing is a form of expression entitled to First Amendment protection. He further argues that the law, which he is alleged to have violated, is unconstitutionally vague.

A perusal of recent Pennsylvania case law indicates that the Tahiti Bar, Inc. Liquor License Case, 395 Pa. 355, 150 A. 2d 112 (1959), is still good law and, therefore, controlling.

In Tahiti, the Pennsylvania Supreme Court extensively examined the constitutional implications and ramifications of the lewd, immoral or improper entertainment provisions of the Liquor Code. The court speaking through Justice Jones, stated that: "There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." Tahiti Bar, Inc. Liquor License Case, supra at 360.

Moreover, the court found that the issuance of a liquor license by the state is generally conditioned upon compliance with certain specific requirements. As such, the license is not to be considered absolute and may, therefore, be terminated or suspended by the state upon violation of such requirements: Tahiti Bar, Inc. Liquor License Case, supra.

In addressing the constitutional questions presented, the court held that:

"The grant of the privileges to dispense alcoholic beverages upon the condition that certain acts and conduct on the part of employees or entertainers be prohibited while on the licensed premises is outside the orbit of the constitutional provisions which assure to individuals the right of freedom of speech and expression. When the licensee accepts the imposition of such condition as a prerequisite to the grant of the license he, in effect, voluntarily acquiesces in the limitation of his right to freedom of speech and expression to the extent implicit in the acts and conduct prohibited by the terms of the condition." Tahiti Bar, Inc. Liquor License Case, supra at 369, 150 A. 2d at 120.

The facts and issues of the case sub judice falls on all fours with those of Tahiti. The business of dispensing alcoholic beverages is a privilege. Mr. Gscheidle, operating under this privilege, must comply with the conditions imposed by the state, one such condition at issue here being the prohibition of lewd, immoral or improper entertainment.

Since we accept the evidence proffered at the Liquor Control Board Hearings on the matter as true, we concur in the board's finding that petitioner violated the Liquor Code of April 12, 1951, P.L. 90, 47 P.S. §4-493(10) in permitting lewd, immoral and improper entertainment in his establishment.

Moreover, we would like to note that the authority upon which petitioner relies, Com. v. Allsup, 481 Pa. 313, 392 A. 2d 1309 (1978), is distinguishable from the instant controversy. In Allsup, the appellee was charged with violating the "open lewdness," section of the Crimes Code of 1972, 18 Pa.C.S.A. §5901 and not a violation of the Liquor Code. The business establishment was not operating under a liquor license issued by the state and no alcoholic beverages were served on the premises. Finally, in Allsup the entertainer, herself, and not her employer (as here), was charged open lewdness violation. We, therefore, conclude that, in light of Tahiti Bar, Inc., Liquor License Case, supra, the statute in question is constitutional and the petitioner's appeal should be dismissed.

## ORDER

Now, March 9, 1981, petitioner's appeal is hereby dismissed.