NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4797
_____

JUSTIN MICHAEL CREDICO,
                                        Appellant

v.

WEST GOSHEN POLICE;
DETECTIVE MAURER, Individual & Official Capacity;
CHESTER COUNTY PRISON AUTHORIZED OFFICIAL
OVER INMATE ACCOUNTS, individual and official capacity;
CHESTER COUNTY;
UNKNOWN PROSECUTOR FOR CHESTER COUNTY,
individual and official capacity;
MAGISTRATE KRAUT, individual and official capacity;
UNKNOWN CHESTER CO. SHERIFFS,
individual and official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-01255)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: July 17, 2014)
_____

OPINION
_____

PER CURIAM

Justin Credico appeals the District Court's order granting Appellees' motions to dismiss his complaint and denying his motion to amend. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Appellant's claims are well known to the parties, set forth in the District Court's memorandum order, and will not be discussed at length. Credico alleged in his complaint that while walking through a cemetery, he encountered a plain-clothes detective. Credico raised his middle finger in an insulting well-known gesture, and the detective gave him a citation for disorderly conduct. A magistrate found Credico guilty of an upgraded charge of harassment. On appeal to the Court of Common Pleas, the charges were dismissed on technical grounds. Credico also claimed that a sheriff struck him on the arm in an elevator and another took a pencil from him during his trial. The District Court granted Appellees' motions to dismiss, and Credico filed a notice of appeal.

We have jurisdiction under 8 U.S.C. § 1291 and review the District Court's order granting the motions to dismiss de novo. Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

Probable Cause

Most of Credico's claims—retaliatory prosecution, malicious prosecution, and retaliation for First Amendment expression—fail if there was probable cause for Detective Maurer to issue Credico a citation for disorderly conduct. Hartman v. Moore, 547 U.S. 250, 252, 265-66 (2006); McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009). Probable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that the offense has been committed. Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). Mere suspicion is not enough for probable cause, but an officer is not required to have evidence to prove guilt beyond a reasonable doubt. Id. at 482-83. Generally, the existence of probable cause for arrest is a question of fact. Groman v. Twp. of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995). However, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to the Plaintiff, reasonably would not support a contrary factual finding." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotation and citation omitted).

Credico was cited for disorderly conduct in violation of 18 Pa. Cons. Stat. § 5503(a)(4). A person is guilty of disorderly conduct under this subsection if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." See Commonwealth v. Williams, 574 A.2d

3

1161, 1164 (Pa. Super. 1990) ("physically offensive condition" includes direct assaults on the physical senses of another.)

At the trial before the Court of Common Pleas of Chester County, Appellee Detective Maurer testified that he was in the cemetery investigating stolen grave markers when Credico approached him, giving him the middle finger with both hands and saying "fuck you, asshole." When Maurer identified himself as a police officer, Credico said he didn't care and was allowed to give him the middle finger. Maurer testified that Credico was three to five feet away from him and was very agitated. Maurer was alarmed and concerned that there would be a physical fight. Maurer called for other officers and when they arrived, Credico continued to argue with them. Maurer testified that Credico was saying "fuck" very loudly and that cemetery employees forty yards away stopped what they were doing to watch. Another officer confirmed that as he approached the situation, Credico was being very vocal and animated and was waving his arms. He had clenched fists and was aggressive, argumentative, and using very loud and profane language.

Credico testified and admitted to giving Detective Maurer the middle finger, cursing at him, and calling him an asshole. He admitted that he got very close to Detective Maurer. Credico confirmed that the cemetery employees stopped and watched the confrontation. Credico testified that he had previously been acquitted of disorderly conduct for giving police officers the finger and purposely sets up officers by giving them the finger and cursing at them in order to provoke them into stopping him so he can sue them. The Court of Common Pleas dismissed the charges because the citation was not

4

properly amended from disorderly conduct to harassment. The Court also found that Credico had approached the officer in a menacing manner.

The facts known to Detective Maurer were sufficient to warrant a reasonable belief that the offense of disorderly conduct had been committed. Probable cause determinations have to be made "'on the spot' [and] under pressure." Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir. 2000). By approaching Detective Maurer in a menacing manner, getting very close to him, and loudly cursing at him—all in the hopes of creating the basis for a lawsuit—Credico caused Maurer to reasonably believe that he was creating a physically offensive condition with no legitimate purpose and with the intent to cause public inconvenience, annoyance, or alarm. See Commonwealth v. Lopata, 754 A.2d 685, 687, 688 (Pa. Super. 2000) (defendant created a hazardous or physically offensive condition by swearing loudly, knocking over a chair, and swinging his arms around, causing other students to back away). Thus, there was probable cause to issue him a citation for disorderly conduct, and his claims against Maurer and the West Goshen Police Department fail.

Motion to Amend the Complaint

Credico argues that he should have been granted leave to amend his complaint to include a claim against the West Chester Police, Officer Murray, and Officer O'Donnell. Credico alleged that Officer O'Donnell questioned him after Credico gave him the finger. No citation was issued. He also alleged that on another occasion, Officer Murray issued him a citation for disorderly conduct when Credico gave him the finger. A magistrate

5

judge later found Credico not guilty. Credico argued that this constituted malicious prosecution, abuse of process, deliberate indifference, and failure to train. The District Court denied the motion to amend with respect to these claims, concluding that the proposed claims were frivolous because Credico's gestures were obscene.

We need not reach the issue of whether the middle finger gesture is obscene, as Credico's claims fail on other grounds. To state a claim for malicious prosecution, Credico must show, inter alia, a deprivation of liberty consistent with a seizure as a consequence of the legal proceeding. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). While pretrial custody and other restrictions can constitute a Fourth Amendment seizure, attendance at trial does not. Id. at 603. Mere questioning by the police does not constitute a seizure under the Fourth Amendment. Florida v. Bostick, 501 U.S. 429, 434 (1991). To state a claim for abuse of process, Credico must show that his prosecution, although it may have been initiated lawfully, was then used for a purpose not intended by the law. Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989).

Because Officer O'Donnell only questioned Credico, the allegations against him fail to state a claim for malicious prosecution or abuse of process. With respect to Officer Murray, Credico's allegations of receipt of a citation and attendance at trial do not state a claim for malicious prosecution, and Credico did not allege any facts to support an abuse of process claim. Because Credico failed to state any claims against the officers, he cannot state claims against the West Chester Police Department for failure to

train or deliberate indifference. Thus, the District Court did not abuse its discretion in denying him leave to amend.

Other Claims

Credico challenges the District Court's dismissal of his claim against a sheriff who took away his pencil at the end of his trial in the Court of Common Pleas. Credico contends that this action constituted a denial of access to the courts. He states that the pencil was taken away while he was expressing his anger at being prosecuted; however, this was at the end of the hearing after the court had dismissed the charges. Credico has not shown that the removal of his pencil infringed his ability to bring a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996).

Credico also argues that the District Court erred in dismissing his claim against Deputy Reeves for slapping him on the arm. We agree with the District Court that this action did not constitute excessive force. See Hudson v. MacMillan, 503 U.S. 1, 9 (1992) (not "every malevolent touch by a prison guard gives rise to a federal cause of action").

For the reasons above, we will affirm the District Court's judgment.