J-S03027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HORATIO MANDUS NIMLEY | |
| Appellant | No. 1701 EDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007701-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 30, 2015**

Appellant, Horatio Mandus Nimley, appeals from the judgment of sentence entered May 27, 2014, by the Honorable William T. Nicholas, Court of Common Pleas of Montgomery County.  Additionally, Appellant's court-appointed counsel, Timothy Peter Wile, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On September 7, 2013, at approximately 6:00 a.m., Norristown Police Officer Carl Roberts answered a civilian complaint that there was a black male wearing a dark-colored hooded sweatshirt going in and out of backyards in the 600 block of East Oak Street.  Officer Roberts observed a

bike in front of 609 East Oak Street and the Appellant exiting the backyard of 617 East Oak Street. As the officers approached, Appellant fled on foot. In pursuit, Officer Roberts advised Appellant that he was under arrest, and, following a struggle, placed Appellant in custody. When he was in the process of being handcuffed, Appellant attempted to spit on other officers present at the location.

Following a bench trial, Appellant was convicted of disorderly conduct[1] and sentenced to ninety days' imprisonment. This timely appeal followed.

Preliminarily, we note that Attorney Wile has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

---

[1] 18 Pa.C.S.A. § 5503(a)(4). Appellant was acquitted of resisting arrest, 18 Pa.C.S.A. § 5104.

We note that Attorney Wile has substantially complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Wile confirms that he sent a copy of the **Anders** brief as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Wile's petition, as required by this Court. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005).

We will now proceed to examine the issues counsel set forth in the **Anders** brief.[2] Appellant argues that the evidence was insufficient to support his conviction of disorderly conduct. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

---

[2] Appellant has not filed a response to Attorney Wile's petition to withdraw.

all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Appellant was convicted of summary disorderly conduct under 18 Pa.C.S.A. § 5503(a)(4), which provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: … (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

Our review of the record reveals sufficient facts exist to support a finding that Appellant's attempt to spit on the arresting officers created a "physical offensive condition." "Although a precise definition of 'physically offensive condition' is elusive, this term encompasses direct assaults on the physical senses of members of the public." *Commonwealth v. Williams*, 574 A.2d 1161, 1164 (Pa. Super. 1990) (citation omitted). "A defendant may create such a condition if she sets off a 'stink bomb,' strews rotting garbage in public places, or shines blinding lights in the eyes of others." *Id*.

- 4 -

Here, it is undisputed that Appellant attempted to spit on arresting officers during his arrest. The act of spitting at another individual undoubtedly constitutes an assault on the physical senses of that person. It certainly does not strain credulity to conclude that any reasonable person in the officers' situation would have been offended (and disgusted) by Appellant's actions. We therefore hold that the evidence in this case is sufficient to uphold Appellant's summary disorderly conduct conviction.

After examining the issues contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2015