J-S09028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESMOND HAMES TAYLOR | |
| Appellant | No. 1685 MDA 2014 |

Appeal from the Judgment of Sentence September 2, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003376-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 09, 2016**

Desmond Taylor appeals from the judgment of sentence imposed in the Court of Common Pleas of Luzerne County after his conviction, in a nonjury trial, for disorderly conduct.[1]  Upon careful review, we affirm.

On September 25, 2013, members of the Hazleton Police Department and Pennsylvania State Police responded to the 200 block of More Avenue in Hazleton to investigate a burglary.  The scene was cordoned off from the public using multiple marked and unmarked police vehicles, although no yellow "crime scene" tape was used.  At the time, it was unknown to the police whether the suspects had fled or whether they were armed.

_____

[1] 18 Pa.C.S. § 5503(a)(4).  Defendant was also charged with obstructing administration of law and other government functions, 18 Pa.C.S. § 5501. He was found not guilty of this charge.

Curious as to what was going on, Taylor exited his nearby home and began filming the scene on his cell phone, eventually moving into the cordoned-off crime scene area. Detective Darryl Ledger of the Hazleton Police Department noticed Taylor and asked him to leave the crime scene. Detective Ledger told Taylor that he was allowed to continue filming, but not within the crime scene area. Detective Ledger testified that, at some point, he accidentally knocked Taylor's cell phone out of his hand. Taylor initially walked away, but returned to the cordoned-off area, where Detective Ledger again instructed him to move beyond the police vehicles.

In the midst of the burglary investigation, the police received a call of a serious car accident involving the Hazleton police chief. In response to that call, Detective Zola of the Hazleton Police Department was attempting to leave the burglary scene when Taylor approached him in the mistaken belief that Detective Zola had been the one to knock the phone from his hand. Taylor demanded Detective Zola's badge number and prevented Detective Zola from responding to the accident call by blocking the path of his vehicle in an attempt to record Detective Zola's license plate number. Taylor was subsequently placed under arrest. At trial, Taylor's cell phone video was admitted into evidence, showing Taylor within the cordoned-off crime scene.

Taylor waived his right to a jury trial and was convicted of disorderly conduct on September 2, 2014. He was sentenced the same day to a fine of

$300.  Taylor filed no post-trial motions.  This timely appeal followed, in which Taylor challenges the sufficiency of the evidence.

Prior to addressing the substance of Taylor's claim, we must determine whether it has been properly preserved.  In its Pa.R.A.P. 1925(a) opinion, the trial court asserts that Taylor's Rule 1925(b) statement does not provide the requisite specificity as to which elements of the offense were not proven at trial.[2]  As such, the trial court believes Taylor has failed to preserve his sufficiency claim, and has accordingly waived it.

Rule 1925(b) requires a statement that shall "[c]oncisely identify each ruling or error that the appellant intends to challenge with sufficient detail to

_____

[2] Taylor's Rule 1925(b) statement frames his appellate issues as follows:

> 1.   Whether the Commonwealth failed to present sufficient evidence in order to convict [Taylor] beyond a reasonable doubt of [d]isorderly [c]onduct because the Commonwealth failed to prove the element of "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof."  18 Pa.C.S. § 5503(a).
>
> 2.   Whether the Commonwealth failed to present sufficient evidence in order to convict [Taylor] beyond a reasonable doubt of [d]isorderly [c]onduct . . . because the Commonwealth failed to prove the element of "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."  18 Pa.C.S. § 5503(a)(4).

Statement of Errors Complained of on Appeal, 11/24/14.

identify all pertinent issues for the judge." Pa.R.A.P.1925(b)(4)(vi). In *Commonwealth v. Williams*, 959 A.2d 1252 (Pa. Super. 2008), this Court held that where a Rule 1925(b) statement fails "to articulate the specific elements of any crime which he deems the evidence presented at trial failed to sufficiently establish," the claim is waived. *Id.* at 1257-58. Nevertheless, in *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007), our Supreme Court held that, in a relatively straightforward case, an appellate court may afford sufficiency review where the appellant's claim is readily apprehended. *Id.* at 1060. Based on the rule articulated in *Laboy*, we conclude that Taylor's Rule 1925(b) statement provides sufficient detail to identify the pertinent issues, and we will review his claim.

In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crime charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

Here, Taylor was convicted of disorderly conduct, which is defined as follows:

§ 5503. Disorderly Conduct.

(a) Offense defined. – A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

. . .

- 4 -

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

. . .

(c) Definition. – As used in this section the world "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S. § 5503.

Taylor first challenges the sufficiency of the evidence presented by the Commonwealth as to his "intent to cause public inconvenience, annoyance, or alarm or recklessly create a risk thereof." 18 Pa.C.S. § 5503(a). Additionally, Taylor challenges the sufficiency of the evidence as to whether his act created a "hazardous or physically offensive condition that served no legitimate purpose." 18 Pa.C.S. § 5503(a)(4). Taylor argues that he was merely asserting his First Amendment right to free speech in recording the police in a public area. Taylor testified that he was recording the burglary scene for "excitement" and denied that this presence distracted police officers from performing their duties. N.T. Trial, 8/28/14, at 20, 50.

The intent element of disorderly conduct "may be met by showing a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than cause public inconvenience, annoyance, or alarm." *Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005). The

intent element of the crime is satisfied when an offender shows a "reckless disregard of the risk for public inconvenience, even if the appellant's principle intent was to insult the police rather than to cause public inconvenience or annoyance." ***Commonwealth v. Kidd***, 442 A.2d 826, 827 (Pa. Super. 1982).

Here, Taylor's presence in the middle of an active, cordoned-off burglary investigation demonstrated a reckless disregard of the risk of public inconvenience. While potentially armed offenders were at large, at least two police officers were forced to focus on removing Taylor from the crime scene rather than searching for suspect(s) and ensuring the safety of the neighborhood residents. Clearly, there is a risk to public inconvenience where a potentially armed criminal suspect remains at large. Moreover, Taylor's actions prevented Detective Zola from leaving the burglary scene to respond to the car accident involving the police chief. Taylor's actions in preventing the police from performing their duties were, if not intentional, certainly reckless. For this reason, Taylor's challenge to the intent element of the crime must fail.

Taylor also disputes that his actions created a "hazardous or physically offensive condition by any act which serve[d] no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4). A "hazardous condition" is one that involves danger or risk, ***Commonwealth v. Williams***, 574 A.2d 1161, 1164 (Pa. Super. 1990), or one in which "altercations could arise."

*Commonwealth v. Roth*, 531 A.2d 1133, 1137 (Pa. Super. 1987). A "legitimate purpose" is an act that is lawful and constitutionally protected. *Commonwealth v. Duncan*, 363 A.2d 803 (Pa. Super. 1976).

Here, Taylor's disobedient entry into a secured crime scene created a hazardous condition that threatened the safety of the public by distracting at least two police officers from their investigative and public safety duties. Taylor's presence beyond the police cordon was not serving a legitimate purpose under the First Amendment. Rather, his physical presence and continued filming distracted the police and interfered with their ability to respond to both the burglary and the car accident and ensure the safety of the neighborhood residents. Accordingly, Taylor's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016

- 7 -