J-S41026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                             :             PENNSYLVANIA
                                                             :

                    v.                                            :

CHARLES LANZA, II                         :

                   Appellant                 :      No. 330 MDA 2019

Appeal from the Judgment of Sentence Entered January 22, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000716-2018

BEFORE:    LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.:            **FILED NOVEMBER 26, 2019**

This case returns to this panel following remand for the appointment of new counsel. Charles Lanza, II (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4). Upon review, we affirm.

On February 15, 2018, Appellant was involved in an altercation with Lebanon County Sheriff's Department Sergeant Brad Seyfert and other security personnel at the entrance of the Lebanon County Municipal Building. *See* Trial Court Opinion, 4/8/19, at 4-7. Appellant was charged with disorderly conduct. Following a bench trial, Appellant was found guilty and sentenced to pay a fine of $50, with no further penalty imposed. *See* N.T., 1/22/19, at 41-42.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant did not file post-sentence motions, but filed a notice of appeal on February 4, 2019. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

After reviewing Appellant's brief, we concluded that Appellant's previous counsel waived all issues on appeal by filing a patently defective brief, and remanded the case to the trial court for the appointment of new counsel. On remand, the trial court appointed Attorney Kevin M. Richards, Esq. to represent Appellant. On October 24, 2019, a new appellate brief was filed on Appellant's behalf. Appellant raises three issues for review:

> [1.] Did the [t]rial [c]ourt err in ruling that the Commonwealth presented evidence at trial that was sufficient to sustain a conviction under 18 Pa.C.S. § 5503(a)(4)?
>
> [2.] Did the [c]ourt commit prejudicial error in finding that the County's practice in barring public cell phones from the third floor of the Municipal building extended to other areas of the structure?
>
> [3.] Did the [t]rial [c]ourt commit prejudicial error in finding that Appellant's counsel could not develop testimony as to why Appellant said the reason he had his cell phone out in the first place?

Appellant's Brief at 6 (reordered for ease of review).

Appellant's first two claims challenge the sufficiency of the evidence. We address these claims together and observe:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and

- 2 -

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768 (Pa. Super. 2019) (citation omitted). To reiterate, the trial court, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

Here, Appellant contends that his conviction of disorderly conduct is not supported by the evidence. Appellant maintains that the Commonwealth failed to prove beyond a reasonable doubt that he caused a public inconvenience, annoyance or alarm, or recklessly created the risk thereof because the area immediately inside the entrance of the municipal building – where the altercation occurred – is not a public place.

Section 5503(a)(4), disorderly conduct, provides that a person commits the summary offense if, "with the intent to cause public inconvenience,

annoyance or alarm, or recklessly creating a risk thereof, he . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." *Id.*

Disorderly conduct "is not intended as a catchall for every act which annoys or disturbs people[.]" *Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005). Rather, "[t]he dangers and risks against which the disorderly conduct statute are directed are the possibility of injuries resulting from public disorders." *Commonwealth v. Williams*, 574 A.2d 1161, 1164 (Pa. Super. 1990). Specifically, a "hazardous condition" under subsection 5503(a)(4) "is a condition involving danger or risk," including a condition that creates the risk of an altercation. *Williams*, 574 A.2d at 1164 (citation omitted).

With regard to his disorderly conduct conviction, Appellant argues that "[t]here was absolutely no evidence that there was any actual public inconvenience, annoyance, or alarm, or any risk thereof." Appellant's Brief at 16. Appellant avers that "there was no testimony that the public was at all disturbed or that there was any risk of a disturbance" because "there was no evidence presented that the area immediately inside the entrance where Appellant was tackled was 'adjacent to the hearing rooms' . . . ." *Id.* at 16, 20. Therefore, "there was no evidence that Appellant was engaging in any illegal conduct when he was tackled by Sergeant Seyfert[.]" *Id.* at 20.

The disorderly conduct statute "is aimed at protecting the **public** from

certain enumerated acts." ***Commonwealth v. Fedorek***, 946 A.2d 93, 100 (Pa. 2008) (emphasis in original). "Under the statute, whether a defendant's words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a **public** disturbance. The cardinal feature of the crime of disorderly conduct is **public unruliness** which can or does lead to tumult or disorder." ***Id.*** (citation omitted, emphasis in original). As used in Section 5503, "the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." 18 Pa.C.S.A. § 5503(c).

In addressing Appellant's sufficiency claims, the trial court opined:

> Appellant entered the Municipal Building while video recording with his cell phone. The entrance doors to the Municipal Building are clearly marked with the applicable prohibition on video recording and cell phones on the third floor, as well as in the hearing rooms and those areas adjacent thereto. Furthermore, members of the public are subject to the normal security procedures upon entry of the Municipal Building. When asked to stop recording and put the phone down by the security monitor and then by Sergeant Seyfert, Appellant refused. When Sergeant Seyfert, after several commands to Appellant, then attempted to take the phone, Appellant resisted, moved his hands towards his waistline and then physically struggled with Sergeant Seyfert, whereupon Appellant landed an elbow into Sergeant Seyfert's chest.

> The incident occurred in the lobby area of the Municipal Building at the entrance of the Building. Sergeant Seyfert testified, and the video recording entered in to evidence indicates, that employees in the Building were disturbed to the point of coming into the hallway to observe the incident. Further, there

were members of the public who also entered and exited the [b]uilding through the area where the incident occurred.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find that Appellant's physical resistance and lack of compliance with the lawful commands of law enforcement constitute disorderly conduct in a public area. As the finder of fact, we discussed our findings as to the testimony presented, indicating that the testimony of Sergeant Seyfert and Officer Zatorski [] was credible and unrebutted. We also viewed the video evidence presented from Appellant's own recording and from the security cameras in the Municipal Building and find that they are consistent. As such, we find Appellant's claim lacks merit.

Trial Court Opinion, 4/8/19, at 11-12.

We agree with the trial court. Our review of the record reveals that on February 15, 2018, Sergeant Seyfert observed Appellant in a verbal dispute with personnel at the security checkpoint located at the front entrance of the Lebanon County Municipal Building. N.T., 1/22/19, at 6, 14. Sergeant Seyfert witnessed Appellant holding a camera "within a foot" of a security guard's face. *Id.* at 15-16, 22. Accordingly, Sergeant Seyfert commanded Appellant to stop videoing and put down the phone; Appellant did not comply. *Id.* at 15. Sergeant Seyfert then asked Appellant to surrender his phone. *Id.* at 16. When Appellant did not comply, Sergeant Seyfert reached for Appellant's phone. *Id.* Appellant responded by striking Sergeant Seyfert in the chest with his elbow. *Id.*

Because Appellant struck him, Sergeant Seyfert placed Appellant under arrest. N.T., 1/22/19, at 17. In response, Appellant continued to struggle, and Sergeant Seyfert testified that it took five sheriff deputies to control

Appellant and place him in handcuffs. *Id.* at 19. Sergeant Seyfert also noted that the deputy sheriff positioned at the back door of the Municipal Building responded to the incident because he heard Appellant shouting. *Id.* at 18.

Sergeant Seyfert testified that at the time of the incident, the Municipal Building was open to the public, it was a "busy court morning," and members of the public were coming and going in the area surrounding the security checkpoint. *Id.* at 20, 23. Sergeant Seyfert further testified that people working in offices in the same hallway as the checkpoint were "looking out to see what the heck was going on." *Id.* at 19.

We conclude that the trial court correctly determined that "[v]iewing the evidence in the light most favorable to the Commonwealth as the verdict winner, . . . Appellant's physical resistance and lack of compliance with the lawful commands of law enforcement constitute disorderly conduct in a public area." *Id.* at 11. The evidence presented by the Commonwealth, and unrebutted by Appellant at trial, demonstrates that Appellant: refused to comply with the commands of security personnel and Sergeant Seyfert at the security checkpoint of the Municipal Building; elbowed Sergeant Seyfert in the chest, and was shouting —disrupting employees and gaining the attention of multiple members of the public who were present. Again, Appellant's conduct occurred at the security checkpoint inside the front entrance of the Lebanon County Municipal Building. Consistent with Section 5503, that area constitutes a public location. *See Commonwealth v. Lutes*, 793 A.2d 949, 962 (Pa.

Super. 2002) (holding the security checkpoint of a county courthouse is a public location as used in the disorderly conduct statute). Accordingly, Appellant's sufficiency issues lack merit.

In his final claim, Appellant contends the trial court erred in prohibiting his counsel from questioning Sergeant Seyfert as to whether county commissioners or media outlets are required to seek prior approval from the sheriff's office to record video inside the commissioners' meeting room of the Municipal Building. *See* Appellant's Brief at 18. In particular, Appellant challenges the trial court's ruling relative to the following exchange:

> [Appellant's Trial Counsel]: And there was, in fact, a commissioners' meeting that day?
>
> [Sergeant Seyfert]: Yes.
>
> [Appellant's Trial Counsel]: And those are frequently recorded, correct?
>
> [Sergeant Seyfert]: Yes.
>
> [Appellant's Trial Counsel]: Recorded by one of our commissioners I think regularly?
>
> [Sergeant Seyfert]: Yes.
>
> [Appellant's Trial Counsel]: And by various members of the public and certain media places such as Channel 8, CBS, Fox News?
>
> [Sergeant Seyfert]: Yes. I believe that's covered under the Sunshine Act or something like that.
>
> [Appellant's Trial Counsel]: And none of those media outlets or even Commissioner Litz, they don't submit a special request form to the Sheriff's Office in order to do that, do they?

[Commonwealth]: Your Honor, I'm going to lodge an objection. We aren't actually talking about what takes place -- for this case we aren't talking about what occurs in the commissioners' meeting room. We are talking about what occurred in the front lobby of the courthouse. There's a very distinct difference there.

[Trial Court]: [Appellant's Trial Counsel?]

[Appellant's Trial Counsel]: I think it's relevant to the point, Your Honor, that my client is videoing for the purpose of going to the commissioners' meeting room, which is normally and typically a recordable event.

[Trial Court]: Except, [Appellant's Trial Counsel], the problem becomes that unless there's evidence to show that Fox and all of them are running their cameras as they come through the security on their way up to the room -- none of them do that, do they?

[Appellant's Trial Counsel]: That I can't speak to, but what --

[Trial Court]: Well, there's a distinct difference. For example, the [c]ourt allows videotaping, even though there is a general bar, videotaping of adoptions, but we give permission for those.

[Appellant's Trial Counsel]: Yes, Judge.

[Trial Court]: The commissioners may or may not. I have been to a couple of meetings in 24 years as a Judge, but I know that Commissioner Litz uses her recording device there, but I don't -- I think the objection goes to the question as it pertains to the commissioners' room versus there. So if you want to rephrase that. I mean, there might be some relevance to videotaping in the commissioners' room, but I don't think that is what this depicts, correct?

[Appellant's Trial Counsel]: I'll move on, Your Honor.

N.T., 1/22/19, at 26-28.

Appellant claims the trial court erred because "[s]uch evidence was relevant to Appellant's defense that he was not engaging in any illegal conduct when he was tackled by Sergeant Seyfert, which led to the alleged disorderly

conduct." Appellant's Brief at 18.

We note:

A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. In addition, the trial court has broad discretion regarding both the scope and permissible limits of cross-examination. The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1087 (Pa. Super. 2016) (citations omitted).

Evidence must be competent and relevant before it is admitted in a criminal proceeding. *Commonwealth v. Freidl*, 834 A.2d 638 (Pa. Super. 2003). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and **the fact is of consequence in determining the action**." Pa.R.E. 401 (emphasis added). "Evidence that is not relevant is not admissible." Pa.R.E. 402. Therefore, "[t]he threshold inquiry with admission of evidence is whether the evidence is relevant." *Commonwealth v. Collins*, 888 A.2d 564, 577 (Pa. 2005).

As to its ruling, the trial court stated:

During Appellant's counsel's cross-examination of Sergeant Seyfert, counsel referenced the fact that Appellant's stated goal, as he was outside the Municipal Building, was that he intended to videotape a county commissioner's meeting. Counsel then asked Sergeant Seyfert if the meetings were frequently recorded, both by certain commissioners themselves and by members of the public and media, to which Sergeant Seyfert answered in the affirmative. Counsel then asked whether any of those who record the meetings are required to submit a special request form to the

Sheriff's Office in order to do so. The district attorney objected on the basis of relevance to the issue of the trial. Appellant's [c]ounsel contended relevance on the basis that Appellant was "videoing for the purpose of going to the commissioners' meeting room, which is normally and typically a recordable event." In ruling in favor of the objection, we stated that whether recording is allowed in the commissioner's meeting room is not relevant to what occurred in the lobby of the Municipal Building unless it could be shown that other members of the media or commissioners are video recording in the lobby as they come through security, which Appellant could not substantiate.

Trial Court Opinion, 4/8/19, at 8-9 (citations to notes of testimony omitted).

Upon review, we discern no error. As noted by the trial court, Appellant sought to introduce testimony pertaining to the recording restrictions in the commissioners' meeting room of the Lebanon County Municipal Building. This information, however, is irrelevant to whether Appellant's actions in the building's lobby constituted a violation of Section 5503(a)(4) (disorderly conduct occurs when a person "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor"); *see also* Pa.R.E. 401. Accordingly, the trial court properly exercised its discretion in sustaining the Commonwealth's objection and limiting trial counsel's cross-examination of Sergeant Seyfert. *Rosser*, 135 A.3d at 1087 ("[T]he trial court has broad discretion regarding both the scope and permissible limits of cross-examination. The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion[.]"). Thus, Appellant's final claim is meritless.

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019