J-A02023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS TARRELL GREEN-WEBB | : | |
| | : | |
| Appellant | : | No. 391 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 18, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002040-2020

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY MURRAY, J.:   **FILED: MARCH 8, 2022**

Because I disagree with the Majority's disposition downgrading Appellant's conviction for disorderly conduct under 18 Pa.C.S.A. § 5503(a)(1) from a misdemeanor to a summary offense, as well as the Majority's disposition vacating Appellant's conviction for disorderly conduct under § 5503(a)(4), I respectfully dissent.

Importantly, the parties stipulated to the facts of record, which are limited to the Affidavit authored by Officer Di Cesare.  **See** Majority at 2-4; **see also** Affidavit of Probable Cause, 2/10/20, at 2; N.T., 2/18/21, at 2, 8-11.  After reviewing the Affidavit and hearing argument, the trial court concluded there was "no doubt in the court's mind that [Appellant's] conduct caused substantial inconvenience and amounted to disorderly conduct as

_____

[*] Retired Senior Judge assigned to the Superior Court.

described in Section 5503A1 and B and A3 and B, and also 5503A4." N.T., 2/18/21, at 11.

While the Majority agrees with Appellant's conviction under § 5503(a)(1), it finds the evidence "insufficient to establish the grading of the offense as a misdemeanor … under Section 5503(b)." Majority at 8.

The disorderly conduct statute provides for grading, in entirety, as follows:

> **(b) Grading.**--An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, **or if he persists in disorderly conduct after reasonable warning or request to desist**. Otherwise disorderly conduct is a summary offense.

18 Pa.C.S.A. § 5503(b) (emphasis added).

The Majority begins its analysis by noting the Commonwealth indicated at oral argument "that reducing the conviction to a summary offense was appropriate." Majority at 7. However, the Commonwealth was not so clear in its appellate brief, and acknowledged that Appellant, despite multiple requests, persisted in his conduct. *See* Commonwealth Brief at 15 (Appellant "continued to resist cooperating"). The Commonwealth states:

> Given the sparse record, it cannot be affirmatively asserted that [A]ppellant's conduct delayed clearance of the construction area that morning, but a reasonable inference, which is proper under sufficiency analysis, is that it did cause some delay. This is especially true since a supervisor of the construction company had to call police because "there were vehicles parked within the construction area in which they were to work." **Appellant's tirade certainly caused three other police officers to respond to the disturbance. He ignored efforts to have the situation explained to him and continued to resist**

**cooperating**, even though he knew that the construction site needed to be cleared. His anger and obstinacy were such that **when his girlfriend asked him to calm down, his response was to scream**: "Get me the fucking keys to the car! I'm moving my car! I ain't paying you shit! You ain't taking my car!" Having to forcibly remove an angry, hostile person from a car is fraught with risk and danger. Not only to the police, but to bystanders as well. **His confrontational profane threats and his active defiance of police instructions risked escalating the situation, especially if his behavior was keeping workers from their jobs**. His clenched fists demonstrated he was willing to physically confront anyone who tried to stop him from moving his car.

Commonwealth Brief at 15-16 (emphasis added).

The Majority cites authority from the Pennsylvania Supreme Court, recognizing that the grading of disorderly conduct "focuses on the offender's *behavior*." Majority at 7 (citing **Commonwealth v. Fedorek**, 946 A.2d 93, 101 (Pa. 2008) (italics in Majority, underline in original)).[1] In concluding Appellant's behavior was "insufficient to establish the grading of the offense as a misdemeanor," the Majority reasons "there is no showing that Appellant intended to cause substantial harm or serious inconvenience or that his conduct went on for a long period of time after the police told him to cease and desist." **Id.** at 8. The Majority adds that the "Affidavit does not set forth

---

[1] The Supreme Court also stated that "when the judiciary is required to resolve an issue concerning the elements of a criminal offense, its task is fundamentally one of statutory interpretation, and . . . [t]o determine the meaning of a statute, a court must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words." **Fedorek**, 946 A.2d at 98 (citations omitted).

how long the incident lasted so that the impact of his conduct could be determined." *Id.*[2] Critically, the length of the disorderly conduct is not a grading factor. *See* 18 Pa.C.S.A. § 5503(b).

As the Majority notes, we must view the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and may not substitute our judgment for the trial court sitting as the factfinder. *See* Majority at 5 n.4 (citation omitted); *see also Commonwealth v. Goldman*, 252 A.3d 668, 673 (Pa. Super. 2021). Any doubt about Appellant's guilt is for the factfinder, and if the record supports the verdict, it may not be disturbed. *Id.* Furthermore, "[t]he Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence." *Commonwealth v. McConnell*, 244 A.3d 44, 48 (Pa. Super. 2020).

Upon review, I would conclude that the evidence supports the trial court's grading of Appellant's conviction as a misdemeanor, consistent with the disjunctive elements of 18 Pa.C.S.A. § 5503(b) (disorderly conduct is a misdemeanor if the actor's "intent … is to cause substantial harm **or** serious inconvenience, **or if he persists in disorderly conduct after reasonable warning or request to desist**.") (emphasis added). The Affidavit describes

---

[2] Appellant likewise asserts that "the mandate of Section 5503(b) was not sufficiently established. As noted above, there was no evidence indicating how long the incident lasted." Appellant's Brief at 38.

Appellant persisting in his conduct despite requests from multiple people to stop. ***See***, ***e.g.***, Majority at 3-4, citing Affidavit at 2 ("Ms. Hairston was telling [Appellant] to calm down"; "[Appellant] continued screaming profanities on the street with parents and children walking nearby and construction workers present"; "Ms. Hairston continued to scream at [Appellant,] asking him to stop behaving belligerently. He refused."; "Officer Marculaitis gave [Appellant] multiple order[s] to step out of the vehicle"). I dissent on this issue because the record supports Appellant's conviction of misdemeanor disorderly conduct under §§ 5503(a)(1) and (b).

I would also affirm Appellant's conviction of disorderly conduct under § 5503(a)(4), which provides that a person is guilty of disorderly conduct if he "creates a hazardous or physically offensive condition by an act which serves no legitimate purpose."

Again, the Majority mentions that at "oral argument, the Commonwealth indicated its agreement on this issue." Majority at 10. The Majority also recognizes that the Commonwealth equivocated on the issue in its brief. ***Id.*** The Majority vacates Appellant's conviction under § 5503(a)(4) based on its finding that Appellant's behavior "did not create a risk or hazard to anyone[, and] there was no evidence that any person or property was placed in harm's way as a result of Appellant's conduct[.]" ***Id.*** at 11. Because the record does not support the Majority's conclusion, I respectfully dissent.

The trial court found Appellant "created a hazardous and offensive barrier to the orderly process of municipal government." Trial Court Opinion, 5/5/21, at 2. Viewing the evidence most favorably to the Commonwealth and the trial court, I agree.

The Commonwealth stated there "is not a lot of relevant case law dealing with 5503(a)(4)," and that it "defers to this Court's decision as to whether Appellant's conduct violated 18 Pa.C.S.A. § 5503(a)(4)." Commonwealth Brief at 20. However, the Commonwealth observed:

> In the present case, causing a profane disturbance at a construction site at 7:45 a.m., getting into a vehicle that is about to be towed and refusing to exit it while knowing that the area had to be cleared of cars so that construction work could begin, causing police to use physical force, and then threatening police officers with a veiled challenge to engage in physical confrontation, created a hazardous condition.

Commonwealth Brief at 22.

The Commonwealth cited **Commonwealth v. Love**, 896 A.2d 1276 (Pa. Super. 2006), which is instructive. In **Love**, this Court affirmed the appellant's convictions for disorderly conduct under § 5503(a)(4), stating that the appellant "had jumped from his seat[] while disrupting [court] proceedings . . . and publicly and angrily vocalized his disagreement with the court's order." **Love**, 896 A.2d at 1286. We "emphasized that [a]ppellant's actions occurred in a crowded courtroom in which [others] were present." **Id.** Significantly,

> [The a]ppellant physically confronted [a deputy sheriff] **in an effort to prevent him from carrying out his official duties. Inherent in the act of physically attempting to impede a law enforcement officer from carrying out his or her official**

- 6 -

> **duties in the public arena is the risk of creating a condition hazardous or physically offensive in nature.** Appellant created that risk here. As we have held, "[t]he reckless creation of a risk of public alarm, annoyance or inconvenience is as criminal as actually causing such sentiments." ***Commonwealth v. Reynolds***, 835 A.2d 720, 731 (Pa. Super. 2003) (quoting ***Commonwealth v. Lutes***, 793 A.2d 949, 962 (Pa. Super. 2002)). Accordingly, we determine that the evidence was sufficient to convict Appellant of disorderly conduct under Section 5503(a)(4).

***Id.*** (emphasis added).

The above reasoning supports the trial court's determination that Appellant "created a hazardous and offensive barrier to the orderly process of municipal government." Trial Court Opinion, 5/5/21, at 2. "Officer Di Cesare was working construction detail in full uniform." Majority at 2, citing Affidavit at 2. "Officer Rosetti was also assigned to the construction detail (in full uniform) … along with Officer Marculaitis and Chief Kokoski." ***Id.*** at 3, citing Affidavit at 2. Similar to ***Love***, Appellant "physically confronted" law enforcement to prevent the carrying out of official duties (*i.e.*, facilitating the towing of vehicles from a posted "No Parking" construction area), as Appellant "continued screaming profanities" and "quickly opened the car door and jumped in the driver's seat," refused requests to exit the car, and physically resisted officers' attempts to remove him. ***See id.***

In addition to ***Love***, we addressed § 5503(a)(4) more recently, explaining:

> Concerning § 5503(a)(4), a "'hazardous condition' is a condition that involves danger or risk." ***Commonwealth v. Williams***, 394 Pa.Super. 90, 574 A.2d 1161, 1164 (1990). "The

dangers and risks against which the disorderly conduct statute are directed are **the possibility** of injuries resulting from public disorders." ***Id.***

***Commonwealth v. Mauz***, 122 A.3d 1039, 1042 (Pa. Super. 2015) (emphasis added).

Consistent with the foregoing, I would affirm Appellant's conviction of disorderly conduct under § 5503(a)(4).

In sum, I would affirm Appellant's convictions of misdemeanor disorderly conduct under 18 Pa.C.S.A. §§ 5503(a)(1) and (a)(4).