J-S11033-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ROLAND MCCLAIN, | : | |
| Appellant | : | No. 1208 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
in the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000781-2017

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED MAY 19, 2020

Roland McClain ("McClain") appeals from the judgment of sentence imposed following his convictions of resisting arrest, loitering and prowling at night time, firearms not to be carried without a license, and persons not to possess a firearm.[1] We affirm.

In its Opinion, the trial court summarized the factual history and relevant trial testimony as follows:

> The Commonwealth's first witness at trial was [Monaca Police] Officer Ronald Hogue [("Officer Hogue")]. Officer Hogue testified that on April 2, 2017, in the early morning hours, he was patrolling near the Spring Run Apartment Complex in Monaca, Beaver County, when he viewed [McClain] standing at the top of the steps next to the building behind a dumpster. As [Officer Hogue] drove closer, [McClain] walked out of Officer Hogue's view, and when Officer Hogue passed the dumpster, [McClain] returned to behind the dumpster. Officer Hogue parked his vehicle, and viewed [McClain] interacting with two other white males. As a

_____

[1] 18 Pa.C.S.A. §§ 5104, 5506, 6106(a)(1), 6105(a)(1).

result, Officer Hogue called for backup, and when Officer Gregory Nicol [("Officer Nicol")] arrived, Officer Hogue approached the three males. After he spoke to the individuals, Officer Hogue noted that they were unable to stay in one location, so he proceeded to pat down the three men for weapons for the purposes of "officer safety."

Officer Hogue testified that when he approached [McClain], [McClain] became verbally combative and took an aggressive stance. Officer Hogue testified that he thought [McClain] was going to run or fight[,] so he grabbed [McClain]. As Officer Hogue was grabbing [McClain], Officer Hogue's right hand immediately grabbed what felt to be a firearm on [McClain's] person. At this point, Officer Hogue called [O]fficer Nicol to come over and assist him. Officer Hogue testified that as Officer Nicol came over, [McClain] broke away from [] Officer Hogue, and proceeded to "swing" at Officer Nicol. [McClain] missed, and ran further until he was rendered incapacitated by Officer Hogue's stun gun.

Officer Hogue then testified that the gun, a Smith and Wesson .357 magnum pistol, he pulled off of [McClain's] person was in a holster tied to [McClain] with a shoestring. Officer Hogue also testified that the gun was fully loaded when he secured it, and that the gun was successfully test fired at a later date.

Officer Hogue also testified that following the arrest of [McClain], Officer Hogue ran [McClain's] name and date of birth through the 911 Center, which revealed that there was a warrant out for [McClain's] arrest from state parole. At the conclusion of his testimony, Officer Hogue testified that he sent a letter to the Pennsylvania State Police Division of Firearms to see if [McClain] had a license to carry firearms. He got a response, which indicated that [McClain] did not have a license to carry firearms. Following Officer Hogue's testimony, and at sidebar, Commonwealth's Exhibit "9" was admitted as part of the record[,] which detailed [McClain's] criminal history, including his conviction for aggravated assault in May [] 2004.

The Commonwealth also called Officer Nicol to testify at trial. Officer Nicol testified that he viewed Officer Hogue feel the gun on [McClain], and when he rushed over to assist Officer Hogue, [McClain] broke away and attempted to punch him. Officer Nicol also testified that when Officer Hogue used his stun

gun on [McClain], it took two charges before [McClain] finally complied and allowed his hands to be cuffed.

After the Commonwealth rested its case, … McClain was called to the stand.  [McClain] testified that his purpose for being present at Spring Run Apartments was that he was visiting a lady friend.  [McClain] denied possessing the gun, but he did admit that when Officer Hogue, who[m] he knew was a police officer, grabbed him, [McClain] "intended to fight." …

Trial Court Opinion, 9/12/19, at 3-5 (citations to record omitted).

On October 4, 2017, McClain filed a Motion to Suppress any statements or physical evidence recovered from his person as a result of his arrest. McClain specifically alleged that Officer Hague lacked probable cause "to personally encounter" McClain, and that the resulting search and seizure was unreasonable.  Following a suppression hearing, the trial court denied McClain's Motion to Suppress.

On May 16, 2018, McClain filed a Motion to Sever the persons not to possess firearms charge, alleging that evidence of McClain's prior felony record would be highly prejudicial.

The Commonwealth filed a Motion in Limine and Notice of Intention to Present 404(B) Evidence on February 1, 2019.  Specifically, the Commonwealth indicated its intention to introduce evidence that McClain had cocaine on his person at the time of the incident, that he was on state parole, and that he had an outstanding arrest warrant from state parole.

Following several continuances, the case proceeded to a jury trial on February 4-5, 2019.  Prior to the start of trial, the trial court granted McClain's

Motion to Sever the persons not to possess charge.[2]  Additionally, the trial court heard arguments regarding the Commonwealth's Motion in Limine and Notice of Intention to Present 404(b) Evidence, which the trial court granted in part and denied in part.  Specifically, the trial court excluded the evidence that McClain had cocaine on his person at the time of his arrest, and granted the Commonwealth permission to introduce evidence regarding McClain's state parole and warrant status.

A jury found McClain guilty of resisting arrest, loitering and prowling at night time, and firearms not to be carried without a license.  The trial court found McClain guilty of persons not to possess firearms.  The trial court sentenced McClain to an aggregate term of 8½ to 17 years in prison, with credit for time served.

On March 21, 2019, McClain filed a timely post-sentence Motion, challenging the weight and sufficiency of the evidence.  The trial court denied the post-sentence Motion.  McClain subsequently filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

McClain now raises the following issues for our review:

1. Whether the trial court erred by not granting [McClain's] [M]otion for judgement [sic] of acquittal, at the conclusion of the Commonwealth's case, on the basis that [the] Commonwealth's

---

[2] The parties stipulated that McClain's prior record would be submitted only to the court, and not the jury, for its determination concerning the persons not to possess charge.

evidence was insufficient to establish that [McClain] possessed a firearm regarding the charges of firearms not to be carried without a license (18 Pa.C.S.A. § 6106) and persons not to possess a firearm (18 Pa.C.S.A. § 6105)?

2. Whether the trial court erred by not granting [McClain's] [M]otion for judgement [sic] of acquittal, at the conclusion of the Commonwealth's case, on the basis that [the] Commonwealth's evidence was insufficient to establish that [McClain] resisted arrest?

3. Whether the trial court erred by not granting [McClain's] [M]otion for judgement [sic] of acquittal, at the conclusion of the Commonwealth's case, on the basis that [the] Commonwealth's evidence was insufficient to establish that [McClain] maliciously prowled or loitered around a dwelling?

4. Whether the trial court erred by not granting [McClain's] [M]otion for judgement [sic] of acquittal, at the conclusion of the Commonwealth's case, on the basis that [the] Commonwealth's evidence was against the weight of the evidence on all charges[,] when the prosecuting officer's testimony and the responding officer's testimony were both inconsistent and incredible?

5. Whether the trial court erred by not granting [McClain's] [M]otion in limine to preclude testimony concerning [McClain's] parole status and [] active parole warrant[?] This evidence was extremely prejudicial and lacked any probative value concerning the offenses charged[.]

6. Whether the trial court erred by not granting [McClain's] request for a mistrial?

Brief for Appellant at 11-13 (some capitalization omitted).

In his first three claims, McClain challenges the sufficiency of the evidence presented at trial. When this Court review such claims, we must

> examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of the elements of the offense beyond a reasonable

doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

Commonwealth v. Smyser, 195 A.3d 912, 915 (Pa. Super. 2018) (citation omitted).

McClain first challenges the sufficiency of the evidence supporting his firearms not to be carried without a license and persons not to possess firearms convictions. See Brief for Appellant at 22-24. McClain asserts that he did not possess a firearm, and that Officer Hogue's testimony was incredible. Id. at 23, 24. Additionally, McClain claims that Officer Hogue did not obtain testing "to prove that [McClain] possessed the firearm. The firearm was in the evidence locker for one (1) year before Officer Hogue conveniently test fired the firearm, therefore, destroying all relevant evidence." Id.

Regarding the offense of firearms not to be carried without a license, the Crimes Code provides that "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license … commits a felony of the third degree." 18 Pa.C.S.A. § 6506(a)(1). Thus, the Commonwealth must establish "that the weapon was a firearm; that the firearm was unlicensed; and that where the firearm was concealed on or about the person, it was outside his home or place of business." Commonwealth v. Hewlett, 189 A.3d 1004, 1009 (Pa. Super. 2018).

Additionally, "[t]o sustain a conviction for the crime of persons not to possess a firearm, the Commonwealth must prove that [the a]ppellant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." Commonwealth v. Miklos, 159 A.3d 962, 967 (Pa. Super. 2017) (citation and quotation marks omitted); see also 18 Pa.C.S.A. § 6105(a)(1).

Initially, we observe that McClain's argument fails to identify any of the elements of these offenses, or specify which elements the Commonwealth failed to establish. Indeed, McClain offers little more than a bald allegation that he did not possess a firearm.[3] McClain has therefore failed to adequately develop his first claim for review. See Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); see also Commonwealth v. Samuel, 102 A.3d 1001, 1005 (Pa Super. 2014) (stating that "[i]n order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove."). Therefore, this claim is waived. See Samuel, 102 A.3d at 1005.

_____

[3] To the extent that McClain challenges the credibility of Officer Hogue's testimony, such an attack challenges the weight, rather than the sufficiency, of the evidence, a matter which we will address infra. See Commonwealth v. Palo, 24 A.3d 1050, 1055 (Pa. Super. 2011).

Even if McClain had properly developed this claim, we would conclude

that the Commonwealth produced sufficient evidence to sustain these

convictions. As the trial court aptly explained,

> Officer Hogue testified that when he conducted a pat down of [McClain's] person, he felt a gun. As [McClain] pulled away, Officer Hogue secured the gun, which was loaded, and located in a holster, on a string attached to [McClain]. Thus, it is clear that the Commonwealth provided sufficient evidence that [McClain] possessed the gun. It is also clear, based on the testimony of the [o]fficers and [McClain] himself, that [McClain] was not at his place of abode or fixed place of business when he was standing next to the dumpster of the Spring Valley Terrace Apartments. Further, Officer Hogue testified, and produced as an official document, Commonwealth's Exhibit "8," which indicated that [McClain] did not have a license to possess a firearm. Finally, it is clear, based on [McClain's] aggravated assault conviction, that [McClain] was a person not to possess a firearm.

Trial Court Opinion, 9/12/19, at 7 (citations omitted).

In his second claim, McClain argues that the evidence was insufficient

to support his conviction of resisting arrest. See Brief for Appellant at 25-27.

According to McClain, he was concerned for his safety, because he believed

he was being unlawfully arrested. Id. at 27. McClain asserts that he only

attempted to remove himself from the scene after he had complied with Officer

Hogue's initial requests. Id.[4]

_____

[4] McClain has again failed to adequately develop his claim with citations to the record and discussion of supporting legal authority. See Pa.R.A.P. 2119(a); see also Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that an appellant's "brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.").

A person is guilty of resisting arrest "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104.

The trial court summarized the evidence supporting McClain's resisting arrest conviction as follows:

> [T]he testimony of both Officers Hogue and Nicol revealed that [McClain] attempted to break away from the officers when they attempted to arrest [McClain]. Testimony also revealed that [McClain] attempted to punch Officer Nicol, and it took more than one charge of Officer Hogue's stun gun to finally subdue [McClain]. Additionally, [McClain] himself testified that he intended to fight people who he knew were police officers after they grabbed him. Thus, the Commonwealth presented an overwhelming amount of evidence that [McClain] created a substantial risk of bodily injury to Officers Hogue and Nicol, and that he forced the [o]fficers into requiring substantial force to overcome his resistance. ...

Trial Court Opinion, 9/12/19, at 8. We agree with the trial court's analysis, and conclude that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain McClain's conviction of resisting arrest. Accordingly, McClain is not entitled to relief on this claim.

In his third claim, McClain contends there was insufficient evidence to sustain his conviction of loitering or prowling at night time. See Brief for Appellant at 28-30. McClain argues that the Commonwealth failed to produce

evidence that he intended to commit a wrongful act or to injure any person. Id. at 29.[5]

The Crimes Code provides that "[w]hoever at night time maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor of the third degree." 18 Pa.C.S.A. § 5506. Our Supreme Court has "broadly defined the word 'around' as used in section 5506 as meaning 'in the vicinity or neighborhood.'" Commonwealth v. William, 574 A.2d 1161, 1165 (Pa. Super. 1990) (citing Commonwealth v. Duncan, 3221 A.2d 917, 919 (Pa. 1974)). Further, "the purpose of section 5506 was to alleviate the danger to human life and quiet enjoyment of one's dwelling which is presented by the night[]time loitering or prowling of malicious-minded individuals." William, 574 A.2d at 1165 (citation omitted).

As the trial court stated in its Opinion,

> Officer Hogue testified that he personally observed [McClain] stand near a dumpster of the Spring Run Apartment Building in the middle of the night. Officer Hogue also testified that [McClain] was carrying a loaded .357 Magnum pistol on his person. Additionally, [McClain] testified that he was not a resident at the Spring Run Apartment Building. Based on this testimony, the [c]ourt concludes that the Commonwealth has provided enough evidence that would enable a jury to reasonably conclude that [McClain] had violated [section] 5506 beyond a reasonable doubt.

_____

[5] Once again, McClain has failed to include an adequate discussion of his claim. See Pa.R.A.P. 2119(a); see also Hardy, supra.

Trial Court Opinion, 9/12/19, at 9. Upon review, we conclude that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, supports McClain's conviction of loitering and prowling at night time. Thus, McClain's third claim is without merit.

In his fourth claim, McClain challenges the weight of the evidence supporting each of his convictions. See Brief for Appellant at 30-32. McClain specifically points to alleged inconsistencies between the testimony of Officers Hogue and Nicol. Id. at 31-32. McClain also contends that Office Hogue destroyed potential evidence by failing to test the firearm for DNA or latent fingerprints, and by holding the firearm for several months before test firing the firearm. Id. at 32.

> As this Court has recognized,
>
> [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Talbert, 129 A.3d 536, 545-46 (Pa. Super. 2015) (citation omitted). Further,

> [w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based

thereon pure conjecture, these types of claims are not cognizable on appellate review.

Commonwealth v. Gibbs, 981 A.2d 274, 282 (Pa. Super. 2009) (citation omitted). In order for a defendant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Commonwealth v. Sullivan, 820 A.2d 795, 806 (Pa. Super. 2003).

Here, McClain asks that we re-weigh the evidence and assess the credibility of the witnesses presented at trial, a task which we must decline to undertake. See Gibbs, supra; see also Commonwealth v. Sanchez, 36 A.3d 24, 39 (Pa. Super. 2011) (stating that "this Court cannot substitute its judgment for that of the jury on issues of credibility, or that of the trial judge respecting weight."). The jury, as the finder of fact, had the exclusive duty of determining the credibility of the testimony, as well as the weight of the evidence presented at trial. See Talbert, 129 A.3d at 546. The verdict is not so contrary to the evidence as to shock the conscience. See Sullivan, supra. Thus, this claim is without merit.

In his fifth claim, McClain avers that the trial court erred by denying his Motion in Limine to preclude testimony concerning his parole status and an active arrest warrant. See Brief for Appellant at 32-37. McClain claims that such evidence is not relevant to establish his alleged motive. Id. at 35.

McClain asserts that he did not run until after Officer Hogue allegedly felt a firearm on his person. Id.[6]

> When reviewing a trial court's denial of a motion in limine, this Court applies an evidentiary abuse of discretion standard of review. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Schley, 136 A.3d 511, 514-15 (Pa. Super. 2016) (citations and quotation marks omitted).

"Evidence is admissible if it is relevant—that is, if it tends to establish a material fact, makes a fact at issue more or less probable, or supports a reasonable inference supporting a material fact—and its probative value outweighs the likelihood of unfair prejudice." Commonwealth v. Hicks, 156 A.3d 1114, 1125 (Pa. 2017) (citation and quotation marks omitted); see also Pa.R.E. 401. Specifically, regarding the admission of Rule 404(b) evidence, "evidence of prior bad acts, while generally not admissible to prove bad character or criminal propensity, is admissible when proffered for some other relevant purpose so long as the probative value outweighs the prejudicial effect." Hicks, 156 A.3d at 1125. "Such evidence may be admitted to show

_____

[6] McClain's fifth claim is only vaguely supported by citation to the record and relevant case law. See Pa.R.A.P. 2119(a); Hardy, supra. Although the heart of McClain's argument challenges the admission of Pa.R.E. 404(b) evidence, he fails to provide any relevant law concerning the admission of such evidence.

motive, identity, lack of accident or common plan or scheme." Id.; see also Pa.R.E. 404(b)(2).

We initially observe that McClain did not file a motion in limine in this matter, nor did he file a motion to exclude the Commonwealth's proposed Rule 404(b) evidence. Thus, McClain's argument is more properly characterized as a challenge to the trial court's grant of the Commonwealth's Motion in Limine, permitting testimony concerning McClain's parole status and his active arrest warrant.

The trial court heard arguments on the Motion in Limine prior to the start of trial, at which time the prosecutor explained that the evidence

> tends to show [McClain's] motive at the time of this incident. He was approached by Officer Hogue, and he resisted the initial [] [f]risk as well as attempts by officers to apprehend him[,] requiring the use of a tazer [sic]. The fact that [McClain] was [o]n parole in particular and that there was a warrant out for his arrest, we think speak directly to his motive....

N.T., 2/4/19, at 13 (paragraph break omitted); see also id. at 20 (wherein the prosecutor asserted that the evidence "goes directly to [McClain's] motive to resisting arrest..."). In response, McClain's counsel argued that the evidence was not relevant to the more severe gun offenses, and was "extremely prejudicial" to McClain. Id. at 15. McClain's counsel also pointed out that McClain freely provided Officer Hogue with his name and identification. Id. at 17-18. Ultimately, the trial court permitted the Commonwealth to present evidence that McClain was on state parole and had an active arrest warrant. Id. at 20.

We discern no abuse of the trial court's discretion in permitting the introduction of this evidence. See Schley, 136 A.3d at 514-15. The trial court also instructed the jury that the evidence could be considered only "for the purpose of tending to show motive." N.T., 2/5/19, at 173-74; see also Trial Court Opinion, 9/12/19, at 11 (citing the relevant jury instruction, and explaining that it provided the jury instruction "to alleviate any prejudice [McClain] may have suffered...."). Because we discern no abuse of discretion by the trial court, and McClain has otherwise failed to establish that the evidence was so prejudicial as to warrant reversal, we cannot grant McClain relief on this claim. See Schley, 136 A.3d at 515 (stating that "[t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.").

In his final claim, McClain contends that the trial court erred by denying his Motion for mistrial. Brief for Appellant at 36-37. McClain argues that Officer Hogue failed to follow standard procedure. Id. at 36. Citing Pa.R.Crim.P. 573 (Pretrial Discovery and Inspection),[7] McClain also claims that he was unaware of whether Officer Hogue had conducted a record check for the firearm at issue until he testified at trial. Id. at 36-37.

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only

---

[7] McClain specifically points to Rule 573(B)(1)(e), which provides, for disclosure by the Commonwealth of "any results or reports of scientific tests ... that are within the possession and control of the attorney for the Commonwealth[.]" Pa.R.Crim.P. 573(b)(1)(3).

when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

Commonwealth v. Tejeda, 834 A.2d 619, 623 (Pa. Super. 2003) (citations, quotation marks, brackets, and footnote omitted).

McClain's argument is vague, and again, unsupported by appropriate discussion and citation of authorities. See Pa.R.A.P. 2119(f); see also Hardy, supra. Although McClain cites to a failure by Officer Hogue "to follow standard procedure and protocol," he fails to specifically identify the procedures or protocols which, he believes, were not correctly followed. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." Commonwealth v. Tchirkow, 160 A.3d 798, 804 (Pa. Super. 2017) (citation and quotation marks omitted). Accordingly, McClain's final claim is waived.[8]

Judgment of sentence affirmed.

_____

[8] Presumably, McClain's argument is based on the alleged failure of the Commonwealth to provide him with the serial number of the firearm or the results of the registration check. To the extent that this is an accurate representation of McClain's claim on appeal, we would conclude that this claim lacks merit for the reasons set forth by the trial court in its Opinion. See Trial Court Opinion, 9/12/19, at 11-13. Further, as McClain was in possession of the firearm at the time of his arrest, we would question the validity any assertion that McClain was otherwise unaware of the firearm's serial number and registration status.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2020